The affidavit upon which the rule was founded stated, in substance, that Street had been arrested in Rockingham County, at the suit of Clark, in an action of slander; that a combination to ruin and destroy him prevailed in that county, in which Clark was most active; that he had been greatly harassed by him and others, whereby such unfavorable sentiments were excited against him in the public mind that he verily believed he could not have a fair trial in that county.
A certiorari ought not to issue where the party has another remedy; in this case another and a more effectual one is provided by law against the injustice which he may receive, or even imagine, by the determination of the county court.
Should they refuse an appeal, this Court might properly interpose its authority; but it would be transgressing the bounds of its own jurisdiction to deprive the county court of theirs, and this, too, without a sufficient ground; for it is certainly presuming too much, upon the belief of a party concerned, that a court of justice can so far forget the solemn sanctions under which it acts, and the high responsibility of its duties, as to be influenced in its decisions by bad men combined to oppress an individual.
Of this action the county court has exclusively, original jurisdiction under the act of Assembly; and this ought first to be exercised before the power of this Court commences; but in any case a certiorari
is improper before a trial where there is a right of appeal, unless, (110) perhaps, in a case where the county court assume a jurisdiction which does not belong to them. Rule discharged.
NOTE. — For the nature, object, and effect of a certiorari in this State, see Dougan v. Arnold, 15 N.C. 99; Swaim v. Fentress, ibid., 601;Betts v. Franklin, 20 N.C. 602.
Cited: S. v. Sluder, 30 N.C. 491. *Page 106